PER CURIAM.
This cause is before us on the judgment of the Board of Governors of The Florida Bar entered April 1, 1967.
The referee found that on or about November 14, 1963, respondent forged the names of Morris Bergstein and Marion Bergstein to a satisfaction of mortgage, witnessed and caused another to witness the forgery, took the acknowledgement and caused or allowed the forgery to be recorded in the public records of Dade County, Florida; that as a result of said forgery, respondent obtained approximately $5,000 which he converted to his own use but, subsequently, repaid. The referee further found that the respondent closed a real estate transaction for one Albert P. Juliano and borrowed approximately $6,000, the cash proceeds from the sale of the property, of which he has repaid $1,000.
As to the Bergstein forgery, the referee found respondent was guilty of violating Article XI, Rule 11.02(3) (b), Canon 11 of the Canons of Professional Ethics and Rules 1, 23, 27, 28, 30 and 32 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A.; that respondent admitted the forgery as defined by F.S. 831.01, F.S.A., uttering a forged instrument as defined by F.S. 831.02, F.S.A., and making a false certificate of a notary public as defined by F.S. 117.09(2), F.S.A. The referee recommended that respondent be disbarred for this conduct.
As to the Juliano complaint, the referee found respondent guilty and recommended a private reprimand.
The Board of Governors approved and adopted the referee’s recommendation of guilt in the Bergstein complaint but found respondent not guilty of the charges arising from the Juliano complaint. The Board agreed with the referee’s recommendation of discipline in the Bergstein matter, and ordered that respondent be disbarred from the practice of law and pay the costs in the amount of $609.88.
Respondent has petitioned this Court for review of the judgment of the Board of Governors contending that the Board overlooked mitigating circumstances and that the penalty of disbarment is too harsh.
We have examined the record, the report of the referee, the judgment of the Board and heard oral argument on behalf of the parties. We find the recommended judgment of disbarment is amply justified by the facts.
Accordingly, it is Ordered that the judgment of the Board of Governors, dated April 1, 1967, be approved; that respondent be disbarred from the practice of law and pay the costs of these proceedings in the amount of $609.88.
It is Ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, THORNAL and ERVIN, JJ., concur.